IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SABRINA DURAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 20-cv-3315 |
| ) | |
| GOLD MOUNTAIN ) | |
| COMMUNICATIONS, LLC, ) | |
| *Serve registered agent:* ) | |
|    Henry Seevers ) | |
|    1701 W. Sunshine St., Ste. K ) | |
|    Springfield, Missouri 65807 ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Sabrina Duran, by and through her attorneys of record, Hall Ansley, P.C., and for her cause of action against Gold Mountain Communications, LLC, states, alleges and avers to the Court as follows:

### PLAINTIFF

1.  Plaintiff Sabrina Duran (hereinafter "Plaintiff") is a resident of Greene County, Missouri.

2.  Plaintiff is a female.

### DEFENDANT

3.  Defendant Gold Mountain Communications, LLC (hereinafter "Gold Mountain"), is a Missouri limited liability company organized and existing under the laws of the state of Missouri. Defendant Gold Mountain may be served with process by serving its registered agent at the address listed in the caption.

1

## VENUE AND JURISDICTION

4. The causes of action asserted herein sound in tort.

5. This action is brought for violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000(e), *et seq.* Jurisdiction is appropriate pursuant to 28 U.S.C. §1331.

6. The damages suffered by Plaintiff on account of the actions of Defendant were first sustained in Greene County, Missouri. Venue is appropriate pursuant to 28 U.S.C. § 1391.

7. Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and EEOC.

8. On July 9, 2020, the EEOC issued a Right to Sue Letter permitting Plaintiff to file a claim in Circuit Court. A true and correct copy of the Right to Sue Letter is attached hereto as Exhibit "A" and incorporated herein by reference.

9. It has been less than ninety (90) days since receipt of the right to sue letter.

10. On information and belief, Gold Mountain has had more than fifteen (15) employees at all relevant times.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff started working for Gold Mountain around September 2017. After leaving to have a baby, Plaintiff returned to work around April 2018 as a sales agent.

12. Plaintiff was promoted to a Success Coach for a couple months and then a few months into that job she applied for a position as Junior Sales Coach. Plaintiff worked that job for a month and during that time worked with Gold Mountain employee, Nate Brown ("Brown").

13. Every single day, Brown would touch her, grab her hips, touch her to move her out of his way. He would also do this "shrill" sound at Plaintiff with his tongue. At the same time, Brown would often yell at Plaintiff and pick on her.

14. On June 6 Brown was yelling at Plaintiff on the floor. Plaintiff called his boss, Janelle, who had recommended they talk to one another. Although she tried to talk to Brown, he refused.

15. The next day Plaintiff talked to Janelle again and she brought Nate in the room. After Brown left, Plaintiff talked to Janelle privately and told her about the sexual harassment. Janelle wanted to go to HR (Amy) with Plaintiff.

16. Plaintiff was first asked to go outside while Amy and Janelle talked. Amy later called Plaintiff at which time Plaintiff explained everything, describing how uncomfortable she was with the sexual nature of Brown's behavior toward her.

17. Amy said that Plaintiff would have to work with him on Sunday, but they would figure it out after that. Upon information and belief, HR asked Brown to talk to another employee, Zachary Yendez, (whom also worked with Plaintiff), about what happened. Plaintiff was later informed that Brown was told to tell Zachary that Plaintiff was feeling very uncomfortable and that Brown and Zachary needed to be careful about how they act around her.

18. Plaintiff was later called into Janelle's office and told that when Plaintiff was in a heightened "emotional state", she may say things that compromise her character or effect parts of her business.

19. During this meeting Plaintiff told representatives of Defendant that she was very uncomfortable that the company had talked to Zachary and "warned" him about her. Janelle replied that Plaintiff could not "have it both ways."

20. Plaintiff went to Matthew Terrell, Operations Manager of Hilton, and said she did not think the company was doing anything about the situation and had been told that she "can't have it both ways" as though Plaintiff could not complain about harassment but then be upset if management "warns" men about her.

21. On June 18th management set up an assessment to go over personality scores to assess leadership. Management pulled up Plaintiff's old assessment (October 2017) instead of her April 2018 assessment. Plaintiff's scores on the first assessment were used in the meeting to embarrass and intimidate her. Management went so far as to tell her that the 2017 scores prove her reaction to the recent situation was off base.

22. Plaintiff sent an e-mail asking Ian, Defendant's Vice-President, that the company update the PowerPoint to show Plaintiff's current scores. Ian thanked Plaintiff for the attention to detail and told Plaintiff that he would have Janelle update the PowerPoint.

23. Right after this, Plaintiff was written up for talking to a colleague about the situation with Nate and told it was a breach of "confidentiality."

24. Plaintiff received another write-up on Tuesday, July 23. She was told it was a coaching opportunity related to a call in which the agent under her supervision quoted the wrong price to a customer. Plaintiff was sent home for the day.

25. Upon returning to work, Plaintiff approached Nate and said she did not think the write-up was fair. Nate told Plaintiff to talk to Ian if she had a problem with the write-up.

26. Plaintiff went to talk to Ian and tried to explain how she was being retaliated against after reporting Brown's behavior. Ian became upset. Plaintiff was told the company was disappointed with her and was leaning toward a demotion. Plaintiff was then sent home after she began crying.

27. The next day, after book club meeting, Plaintiff was demoted to a sales agent position.

28. Unable to continue under conditions that no reasonable person would tolerate, Plaintiff was constructively discharged from employment with Defendant.

## COUNT I
## SEXUAL HARASSMENT AND DISCRIMINATION IN VIOLATION OF TITLE VII

COMES NOW Plaintiff, Sabrina Duran, by and through her attorneys of record, Hall Ansley P.C., and for Count I of her Petition against Defendant states, alleges and avers to the Court as follows:

29. Plaintiff restates, realleges, and reavers all preceding paragraphs of this Petition as though fully set-forth herein *in haec verba*.

30. Plaintiff was subjected to a sexually harassing work environment and Defendant discriminated against Plaintiff and failed to take prompt remedial action in response to Plaintiff's complaints in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

31. As a direct and proximate result of the harassing and discriminatory actions of Defendant as described herein, Plaintiff has suffered the following:

    (a) Lost wages (past/future) and lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

    (b) Mental and emotional anguish.

32. Pursuant to Title VII, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

33. The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter this Defendant and other similarly situated defendants from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter this Defendant and similarly situated defendants from like actions in the future; and for such other and further relief as the Court deems just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

COMES NOW Plaintiff, Sabrina Duran, by and through her attorneys of record, Hall Ansley, P.C., and for Count II of her Petition against Defendant states, alleges and avers to the Court as follows:

34. Plaintiff restates, realleges, and reavers all preceding paragraphs of this Petition as though fully set-forth herein *in haec verba*.

35. Defendant unlawfully retaliated against Plaintiff for protesting, assisting others, and complaining about harassment/discrimination.

36. As a direct and proximate result of the retaliation as described herein, Plaintiff has suffered the following:

    (a) Lost wages (past/future) and career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

    (b) Mental and emotional anguish.

37. The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter this Defendant and other similarly situated defendants from like conduct in the future.

38. Plaintiff is entitled to her attorney fees and costs pursuant to Title VII.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter this Defendant and similarly situated defendants from like actions in the future; and for such other and further relief as the Court deems just and proper.

HALL ANSLEY,
A Professional Corporation

By: *Benjamin A. Stringer*
BENJAMIN A. STRINGER
Missouri Bar Number 50415
TIMOTHY A. RICKER
Missouri Bar Number 62050

3275 East Ridgeview
Springfield, MO 65804
Telephone: 417/890-8700
Facsimile: 417/890-8855
Email: bstringer@hallansley.com
Email: tricker@hallansley.com

*Attorneys for Plaintiff*